| | |
|---|---|
| SOMVANG P., | Case No. 26-CV-2900 (PJS/EMB) |
| Petitioner, | |
| v. | ORDER |
| MARKWAYNE MULLIN, Secretary, Department of Homeland Security; TODD BLANCHE, Acting Attorney General; DAVID VENTURELLA, Acting Director, Immigration and Customs Enforcement; and DAVID EASTERWOOD, Field Office Director, St. Paul Field Office Immigration and Customs Enforcement, | |
| Respondents. | |

Daniel P. Suitor, DANIEL P. SUITOR, PLLC, for petitioner.

David R. Hackworthy and David W. Fuller, UNITED STATES ATTORNEY'S OFFICE, for respondents.

This matter is before the Court on petitioner Somvang P.'s second petition for a writ of habeas corpus.[1] ECF No. 5. For the following reasons, the petition is granted.

The factual background is described in the Report and Recommendation ("R&R") issued by Magistrate Judge Elsa Bullard in Somvang's first habeas case ("Somvang I"). *See Somvang P. v. Noem*, No. 26-CV-0037 (PJS/EMB), 2026 WL 1052528,

---

[1]Pursuant to this District's policy in immigration cases, the Court identifies petitioner only by his first name and last initial.

at *1 (D. Minn. Jan. 31, 2026).  This Court ultimately rejected that R&R and denied the petition, not because it disagreed with Judge Bullard's analysis, but because, "in light of information that came to light after she issued her R&R," it appeared that Somvang's removal was "significantly likely to occur in the reasonably foreseeable future." *Somvang I*, 2026 WL 788853, at *1 (D. Minn. Mar. 20, 2026).

The information that "came to light"—specifically, a travel document for Somvang and his supposedly being scheduled for an upcoming charter flight to Laos—turned out to be at least partially untrue.  The same deportation officer who then attested that Somvang was "manifested on" an "upcoming scheduled charter flight in March" now attests that Somvang was not removed "due to lack of availability of a charter flight to Laos."  *Compare Somvang I*, Robinson Decl., ECF No. 20 ¶ 5, *with* Robinson Decl., ECF No. 12 ¶ 5.

In any event, instead of being removed to Laos by the end of *March* (as the government told this Court would occur), Somvang remains detained in Minnesota in the middle of *July*.  As summarized in Somvang's reply brief,

> [H]ere we are, over six months after Petitioner was detained, over four months after a travel document was allegedly issued, three months after the final order . . . and three months after the deadline by which Respondents claimed Petitioner would be removed.  Petitioner remains in the United States.  Respondents have not removed him and present no meaningful evidence which suggests they can.

ECF No. 13 at 11 (citations omitted).

Somvang has now been detained for more than six months. Under *Zadvydas v. Davis*, 533 U.S. 678, 701–02 (2001), once a petitioner who has been detained for over six months "provides good reason to believe" that there is no significant likelihood of removal in the reasonably foreseeable future, the government "must respond with evidence sufficient to rebut that showing." *Id.* at 701.

Somvang has provided "good reason to believe" that his removal in the reasonably foreseeable future is unlikely. Somvang has been detained for seven months. The government swore that he would be removed in March—four months ago. The Court has no evidence that Somvang will be removed in the reasonably foreseeable future, save the word of an immigration officer who has proven to be unreliable and whose testimony the Court does not credit. V. Pet. ¶¶ 62–64. Beyond that, the verified petition contends that any travel document likely expired within 90 days of its issuance (probably by May). *Id.* ¶ 26. The verified petition also points out that Somvang has done nothing to delay or prevent his removal. *Id.* ¶ 31. Somvang has therefore satisfied his burden, and the burden shifts to respondents. *Zadvydas*, 533 U.S. at 701.

Respondents largely ignore their former representation that Somvang's removal was imminent. Instead, respondents assert that the old travel document has been

"renewed." Robinson Decl. ¶¶ 10–12. According to respondents, Somvang is scheduled on a charter flight departing on a "date certain within the next sixty days" (the specific date being "withheld due to operational security"). *Id.* ¶ 13. This, respondents argue, is sufficient evidence for the Court to conclude that Somvang's removal is significantly likely to occur in the reasonably foreseeable future.

Under typical circumstances, this would likely be sufficient to meet the government's burden, but the circumstances of this case are not typical. The Court is unwilling to credit respondents' promise of a flight within *two months* when respondents failed to fulfill their previous promise that his removal was *imminent*. If the renewed travel document exists, respondents could have filed it. *See* V. Pet. ¶ 25 (citing cases in which respondents have filed a travel document). They did not. And if information about the specific flight must be withheld due to security concerns, respondents could have provided that information ex parte for the Court to review in camera. They did not.

For these reasons, the Court finds that respondents have failed to meet their burden under *Zadvydas*, and therefore the Court will order Somvang's release.

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT:

1.  Petitioner's amended petition for habeas corpus [ECF No. 5] is GRANTED IN PART.

2.  Respondents must release petitioner within 48 hours of entry of this order, subject to the conditions of the prior order of supervision. Respondents must release petitioner in Minnesota.

3.  The remainder of petitioner's petition is DENIED WITHOUT PREJUDICE.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: July 13, 2026
/s/ Patrick J. Schiltz
Patrick J. Schiltz
United States District Judge